BOYD v. OZARK TRAIL ROAD IMPROVEMENT DISTRICT.

Opinion delivered March 23, 1925.

HIGHWAYS—CHANGES IN ASSESSMENTS—RIGHT TO COMPLAIN.—Where a general assessment of benefits in a road improvement district was made in 1921, and a year later the board of commissioners made some changes lowering a few assessments to correct obvious errors, but no general reassessment was made, taxpayers who made no complaint of the 1921 assessment within the time allowed are in no position to complain of the 1922 changes, if the taxpayers whose assessments were lowered were not made parties.

Appeal from Poinsett Chancery Court; *J. M. Futrell,* Chancellor; affirmed.

*Little, Buck & Lasley,* for appellants.

*J. G. Waskom,* for appellees.

McCULLOCH, C. J. Appellants are the owners of real property within the boundaries of a road improvement district organized by special act of the General Assembly of 1919 (Road Acts 1919, vol. 1, p. 1130), designated as the Ozark Trail Road Improvement District of Poinsett County, Arkansas, the authority conferred by the statute being to improve, by hard-surfacing, a public road running southeasterly from Marked Tree to the Crittenden County line, a distance of about nine miles. The statute is in the usual form, providing for the organization of the commissioners with authority to employ necessary agents, to form plans, borrow money, issue bonds, levy taxes on assessed benefits, and construct the improvement. There is a specific provision as to the method of assessing benefits and giving notice thereof, so that property owners could have an opportunity to be heard. Authority to reassess benefits was

conferred in a section of the statute which reads as follows: .

"Section 7. The commissioners may, not oftener than once a year, reassess the benefits in said district; but, in the event the district shall have incurred an indebtedness or issued bonds, the total amount of assessed benefits shall never be diminished."

Plans were formed and bonds were issued, and there was partial construction under this statute, but the General Assembly of 1921 enacted another special statute (Special Acts 1921, p. 1000) consolidating this district with another one designated as Road Improvement District No. 2, or rather authorizing this district to construct the road formerly authorized to be constructed by the other district, and also authorizing this district to improve two laterals, one of which is known as lateral 2-A. The last mentioned statute contains the following provision with reference to assessment of benefits:

"Section 4. The commissioners of the Ozark Trail Road Improvement District are hereby authorized to revise their plans, after determining what roads they desire to construct and how such roads shall be improved, including the roads of Road District Number Two of Poinsett County, and to file said plans with their secretary at their office at Marked Tree; that they then may make a reassessment of all lands in the district so as to set forth the benefits and damages which will accrue to all lands in the district by the carrying out of the completed and entire plans adopted by the commissioners, and this reassessment shall be made and equalized in the manner provided by § 6 of the act creating said Ozark Trail Road Improvement District, and the determination of the commissioners at the hearing provided herein shall be final, unless suit is brought in the chancery court within thirty days thereafter to review it. The total amount of benefits, as finally equalized, shall never be less than the present combined assessment of benefits of the Ozark Trail Road Improvement District and of Road Improvement District Number Two of Poinsett County."

In conformity with the provisions of the last-mentioned statute, the commissioners proceeded to reassess the anticipated benefits on all the lands in the original district, as well as the lands added thereto from Road Improvement District No. 2, and said assessment was completed and duly confirmed on November 28, 1921. No action was taken by appellants or any other taxpayers to set aside or question the correctness of those assessments. However, the board of commissioners, in November, 1922, undertook to change the assessments on tracts of land owned by certain persons other than the appellants, and, after making the corrections, gave notice thereof in the manner provided by the original statute. No changes were made in the assessments of property of appellants as made by the commissioners upon the general reassessment in November, 1921, but appellants contend that the assessments on their property are unjust and not in conformity with other assessments in the district, for the reason that their lands are not adjacent to the hard-surface road, but lie near lateral 2-A, which was improved merely by grading and draining, without putting a hard surface thereon, and appellants allege that they have to use this unsurfaced lateral in order to get out to the hard-surfaced main road.

It is shown that the commissioners issued additional bonds to a large amount and constructed the improvement by building a hard-surface main road in accordance with the original statute, and by constructing the lateral as a drained and graded road, but not hard-surfaced. The contention of appellants is that, by reason of the fact that the lateral is not hard-surfaced, their assessments are too high, and should be reduced, and they claim that the action of the board in 1922 was a general reassessment under the statute, and that they have a right to attack its correctness and to have their assessments lowered.

This is an action commenced by appellants against the commissioners in the chancery court of Poinsett County, and was commenced within thirty days after

the alleged reassessment made by the board in November, 1922. The commissioners answered for the district, denying that there was any reassessment made in 1922, and pleaded that the confirmed assessment of November, 1921, was conclusive of the rights of appellants.

On a careful review of the record in the case we are of the opinion that the contention of appellee is correct. The chancellor so held. It does not appear from the record that the commissioners undertook to make a general reassessment under the statute. The minutes of the board, as well as the oral testimony in the case, show that all the commissioners did was to correct obvious errors in the assessment of a very limited number of tracts of land. Section 4 of the act of 1921, *supra,* does not confer continuing power upon the board of commissioners to reassess benefits. It merely authorized one reassessment after the passage of that act, for the purpose of determining the benefits to accrue from the whole of the improvement as added to by the last statute. Authority for continuing power to make reassessments must be found in § 7 of the original statute, *supra.* That section, as we have already seen, provides for a reassessment not oftener than once a year, and provides that, after the district shall have incurred indebtedness or issued bonds, "the total amount of the assessed benefits shall never be diminished." The statute conferred no authority on the commissioners to correct errors *ad libitum,* but the authority is to make a general reassessment not oftener than once a year, and, as before stated, the testimony shows that the commissioners did not attempt to do so. Appellants therefore are bound by the original reassessment made in November, 1921, as they failed to complain of it. The validity of the corrections made by the board of commissioners on tracts of land owned by other persons is not involved in the present litigation, for those owners have not been made parties.

The chancery court was correct therefore in dismissing appellants' complaint for want of equity, and the decree is affirmed.